**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

RAMON E. LOPEZ, an individual,

        Plaintiff,

vs.

LVNV FUNDING, LLC, a Delaware
limited liability corporation, doing
business as "LVNV," ALLIED
INTERSTATE, INC., a Minnesota
corporation, and FINANCIAL RECOVERY
SERVICES OF MINNESOTA, INC.,
a Minnesota corporation, doing business as "FRS,"

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Ramon E. Lopez, an individual, sues Defendants, LVNV Funding, LLC., a

Delaware limited liability corporation, doing business as "LVNV," Allied Interstate, Inc., a

Minnesota corporation, and Financial Recovery Services of Minnesota, Inc., a Minnesota

corporation, doing business as "FRS," and alleges:

### *INTRODUCTION*

1.     This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly

as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and for pendant state law

claims.

2.     The FDCPA was enacted by Congress to curtail abusive, deceptive and unfair

debt collection practices by debt collectors which were found by Congress to contribute to

-1-

personal bankruptcy, marital instability, loss of jobs and invasions of privacy under 15 U.S.C. §1692(a).

### *JURISDICTION*

3.      Jurisdiction of this Court arises under 15 U.S.C §1692K and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

4.      Plaintiff, Ramon E. Lopez ("Mr. Lopez") is *sui juris* and a resident of Broward County, Florida.

5.      Defendant, LVNV Funding, LLC ("LVNV"), was a Delaware limited liability corporation doing business in Broward County, Florida.

6.      Defendant, Allied Interstate, Inc. ("Allied Interstate"), was a Minnesota corporation doing business in Broward County, Florida.

7.      Defendant, Financial Recovery Services of Minnesota, Inc. ("FRS"), was a Minnesota corporation doing business in Broward County, Florida.

### *FACTUAL ALLEGATIONS*

#### A. *Mr. Lopez as a Victim of "Zombie Debt Collection"*

8.      In or about 1996, Mr. Lopez obtained an open-ended credit account, known more commonly as a "charge account" ("Disputed Charge Account") for his personal and household purposes through Citibank, N.A. ("Citibank") under the brand name of "Sears."

9.      After using the Disputed Charge Account for a brief period of time, Mr. Lopez decided to close the Disputed Charge Account as a result of Citbank increasing the interest rate on same. Accordingly, Mr. Lopez paid the entire outstanding balance of the Disputed Charge Account to Citibank and instructed Citibank to close the Disputed Charge Account.

-2-

10.     As a result of the passage of nearly a dozen or so years since he last used the monies on the Disputed Charge Account, Mr. Lopez does not have in his possession, custody or control any of his original documents relevant to the Disputed Charge Account.

11.     Until the events more particularly described below, Mr. Lopez had not received any notice from Citibank or any other party that monies were owed on the Disputed Charge Account. Indeed, as far as Mr. Lopez was concerned, the Disputed Charge Account had been completely paid and there was no reason to be concerned that third parties may be attempting to collect on same.

12.     By information and belief, no payments have been made on the Disputed Charge Account or towards any alleged monies owed on same for over a decade. Accordingly, in addition to the fact that Mr. Lopez was not liable for any further monies under the Disputed Charge Account, any debt purportedly owed thereunder was time-barred by operation of the applicable statute of limitations.

### B.  *Acquisition of Zombie Debt by LVNV*

13.     At some unknown time prior to the filing of the instant action, Citibank or its successor in interest purportedly sold the Disputed Charge Account to LVNV under unknown terms and for unknown consideration.

14.     Upon information and belief, LVNV purportedly purchased the Disputed Charge Account from Citibank or the successor in interest of Citibank as part of a business plan to dispose of uncollectible consumer accounts of Citibank or its successor in interest in a business practice known more commonly in the media as "debt scavenging," "zombie debt collection," or "junk debt collection." See, generally, *"Dealing with Debt that Refuses to Die,"* Wall Street

Journal, Tuesday, September 30, 2008; *"Zombie Debt: The Bills That Won't Die,"* ABC Nightly News, February 28, 2008; *"Zombie Debt Comes Back to Haunt Consumers,"* Sun-Sentinel, June 25, 2006; *"Complaints Pile Up Against Debt Collectors,"* Atlanta-Journal Constitution, Sunday, March 15, 2009 ["zombie debt, like the name implies, is debt - legitimate or not - that refuses to die"].  In the typical business model employed by businesses such as LVNV, the debt collection agency will buy charged-off accounts from original lenders for pennies on the dollar.

15.     Businesses adopting the aforementioned business model will attempt to collect the principal indebtedness of the charged-off debt together with accrued interest from the consumer obligor using tactics which implicitly or even expressly state to the least sophisticated consumer that the stale, time-barred debt is an obligation which is enforceable through judicial means and is reportable to the credit reporting agencies despite such debts being "obsolete" and not reportable under the Fair Credit Reporting Act.

16.     The profitability of the debt buying industry is reflected a hundred-fold increase in the gross amount of consumer debt being sold to debt buyers in less than fifteen years, from $660,000,000 in 1993 to $57,000,000,000 in 2004.  See, S. Hwang, Once Ignored Debts Are the Focus of Booming Industry, Wall Street Journal A1 (Oct. 25, 2004), available at 2004 WLNR 3352902.

17.     The growth in the debt buying industry has placed financially distressed families against a new type of entrepreneur who press payment of very old bills that may or may not be theirs and may or may not be for the right amount.

### C.  *Unlawful Collection Efforts of Defendant*

**1. Filing of Abusive Collection Proceeding by LVNV**

-4-

18.     On or about April 6, 2009, LVNV filed or caused to be filed a complaint to collect monies purportedly owed on the Disputed Charge Account against Mr. Lopez in that certain case styled "*LVNV Funding, LLC v. Ramon E. Lopez, in the County Court, in and for Broward County, Florida, Case No.:COWE-09-07820 (82)*" ("Broward County Collection Proceeding").

19.     A true and correct copy of the Complaint with the attached exhibit is attached hereto and incorporated herein by reference as Composite Exhibit "A."

20.     In order to further its scheme of collecting on the time-barred and paid Disputed Charge Account, LVNV attached or caused to be attached to the Complaint in the Broward County Collection Proceeding a document described by LVNV in the Complaint as a "Account" ("Faux Account Statement").

21.     A true and correct copy of the Faux Account Statement is attached hereto and incorporated herein by reference as Exhibit "B."

22.     Pursuant to paragraphs 4 and 7 of the Complaint, LVNV falsely represented to Mr. Lopez and the Court having jurisdiction over the Broward County Collection Proceeding that "Plaintiff rendered a statement of account to Defendant and Defendant did not object to the statement" (Complaint - ¶7).

23.     The representation that LVNV had sent the Faux Account Statement to Mr. Lopez was materially false as the Faux Account Statement was not in fact sent to Mr. Lopez, but rather was a document manufactured for the sole purpose and use for litigation by LVNV in the Broward County Collection Proceeding.

### 2.  Dispute of Debt in Collection Proceeding

24.     After service of the Complaint in the Broward County Collection Proceeding, Mr.

Lopez retained counsel in the form of Robert W. Murphy, Esquire ("Attorney Murphy").

25.     Through Attorney Murphy, Mr. Lopez disputed the claims of LVNV in the Broward County Collection Proceeding.

26.     Among other things, Attorney Murphy on behalf of Mr. Lopez filed an Answer and Affirmative Defenses in the Broward County Collection Proceeding which informed LVNV of the refusal of Mr. Lopez to pay the Disputed Charge Account.

27.     The Broward County Collection Proceeding was filed by LVNV with knowledge or with reason to know that the applicable statute of limitations for the enforcement of the purported debt represented by the Disputed Charge Account had expired, and that the debt represented by the Disputed Charge Account had been paid and that any action was thus time-barred and unlawful.

28.     On July 17, 2009, LVNV filed or caused to be filed a Notice of Voluntary Dismissal Without Prejudice of its Complaint in the Broward County Collection Proceeding.

### D.     *Unlawful Collection Reporting Activities Subsequent to Dismissal of the Broward County Collection Proceeding*

#### 1. Retention of Third Party Debt Collectors

29.     At some unknown time prior to August, 2009, despite knowledge of the representation of Mr. Lopez by Attorney Murphy, LVNV retained Allied Interstate, Inc. to collect the Disputed Charge Account.

30.     In an alternative allegation to Paragraph 31 below, by information and belief, LVNV communicated false information, either directly or by omission, to Allied Interstate concerning the Disputed Charge Account when LVNV assigned the Disputed Charge Account to

Allied Interstate for collection, including the following:

- that the debt represented by the Disputed Charge Account was not time-barred;

- that Mr. Lopez was not represented by counsel;

- that Mr. Lopez had not disputed the debt; and

- that Mr. Lopez had refused to pay the debt.

31.     As an alternative allegation to Paragraph 30 above, by information and belief, LVNV communicated the following truthful information, either directly or by omission, to Allied Interstate when LVNV assigned the Disputed Charge Account to Allied Interstate for collection, including the following:

- that the debt represented by the Disputed Charge Account was  time-barred;

- that Mr. Lopez was represented by counsel;

- that Mr. Lopez had disputed the debt; and

- that Mr. Lopez had refused to pay the debt.

32.     Upon discovery of the business records of LVNV and/or Allied Interstate, Mr. Lopez will be able to discern what if anything was disclosed to Allied Interstate by LVNV concerning the debt at issue in this proceeding.

33.     Commencing on or about August 17, 2009, Allied Interstate through its agents, employees or representatives acting within the scope of their employment, and with the authority of Allied Interstate and LVNV, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Lopez into paying monies purportedly owed under the Disputed

-7-

Charge Account despite the fact that Mr. Lopez had no legal or other obligation to pay monies thereunder.

34.     On or about August 19, 2009 at approximately 8:49 p.m., a female employee of Allied Interstate identified herself using the name or trade alias of "Mrs. Jackson" telephoned the residence of Mr. Lopez in Broward County, Florida.

35.     After the wife of Mr. Lopez, Annette Lopez ("Mrs. Lopez"), picked up the phone, "Mrs. Jackson" stated:

> "My name is Mrs. Jackson with Allied Interstate.  I need to speak with Ramon Lopez about a very important business matter."

36.     In response, Mrs. Lopez asked "Mr. Jackson" to identify where she was calling from and also the purpose of her telephone call.

37.     Before responding to Mrs. Lopez, "Mrs. Jackson" stated that she needed to "verify" the last four digits of the social security number of Mr. Lopez and also informed Mrs. Lopez that the call was "being recorded and monitored."

38.     After Mrs. Lopez confirmed the last four digits of her husband's social security number, "Mrs. Jackson" stated that she was calling because a check for Three Thousand Dollars ($3,000.0) was returned on an account with Sears for insufficient funds.

39.     Recognizing that the telephone call from "Mrs. Jackson" pertained to the recently dismissed Broward County Collection Proceeding, Mrs. Lopez informed "Mrs. Jackson" that the matter was "settled" and that the Broward County Collection Proceeding had been dismissed. Mrs. Lopez further informed "Mrs. Jackson" that Mr. Lopez was represented by an attorney concerning the Disputed Charge Account.

40. In response to the disclosure that Mr. Lopez had retained an attorney, "Mrs. Jackson" told Mrs. Lopez that Mrs. Lopez "being rude."

41. Recognizing that she was not getting anywhere with "Mrs. Jackson," Mrs. Lopez requested the telephone number of "Mrs. Jackson" so that her husband's lawyer could contact her.

42. For inexplicable reasons, "Mrs. Jackson" refused to provide her contact information.

43. The telephone call with "Mrs. Jackson" ended abruptly with a closing remark by "Mrs. Jackson" that "you're going to continue to get phone calls from us."

44. Shortly after the initial telephone call from Allied Interstate, Mr. Lopez received in the mail a written communication dated August 17, 2009, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed under the Disputed Charge Account ("Initial Allied Interstate Written Communication").

45. A true and correct copy of the Initial Allied Interstate Written Communication is attached hereto and incorporated by reference as Exhibit "C."

46. Notwithstanding the fact that Mr. Lopez disputed owing any monies under the Disputed Charge Account and had refused to pay the Disputed Charge Account, Allied Interstate on behalf of LVNV stated in the Initial Allied Interstate Written Communication the following:

> Our client has agreed to accept one single payment in the Nine Hundred Fourteen and 80/100ths ($914.80) Dollars as full and final settlement on this account.

47. By information and belief, after the telephone call to Mr. Lopez, Allied Interstate informed LVNV of the following concerning its attempts to collect the Disputed Charge

Account:

- that Mr. Lopez refused to pay the debt;

- that Mr. Lopez was represented by counsel; and

- that Mr. Lopez denied owing money on the Disputed Charge Account.

48.     By information and belief, Allied Interstate returned the Disputed Charge Account to LVNV as a result of the disclosures by Mr. Lopez as referenced above.

## 2. Retention of Financial Recovery Services

49.     At some unknown time prior to May 14, 2010, despite knowledge of the representation of Mr. Lopez by Attorney Murphy, LVNV nonetheless retained a second collection agency, to wit: Financial Recovery Services, Inc. ("FRS") to collect the Disputed Charge Account.

50.     In an alternative allegation to Paragraph 50 below, by information and belief, LVNV communicated false information, either directly or by omission, to FRS concerning the Disputed Charge Account when LVNV assigned the Disputed Charge Account to FRS for collection, including the following:

- that the debt represented by the Disputed Charge Account was not time-barred;

- that Mr. Lopez was not represented by counsel;

- that Mr. Lopez had not disputed the debt; and

- that Mr. Lopez had refused to pay the debt.

51.     As an alternative allegation to Paragraph 49 above, by information and belief, LVNV communicated the following truthful information, either directly or by omission, to FRS

when LVNV assigned the Disputed Charge Account to FRS for collection, including the following:

- that the debt represented by the Disputed Charge Account was time-barred;

- that Mr. Lopez was represented by counsel;

- that Mr. Lopez had disputed the debt; and

- that Mr. Lopez had refused to pay the debt.

52.     Upon discovery of the business records of LVNV and/or FRS, Mr. Lopez will be able to discern what if anything was disclosed to FRS by LVNV concerning the debt at issue in this proceeding.

53.     Commencing on or about May, 2010, FRS through its agents, employees or representatives acting within the scope of their employment, and with the authority of FRS and LVNV, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Lopez into paying monies purportedly owed under the Disputed Charge Account despite the fact that Mr. Lopez had no legal or other obligation to pay monies thereunder.

54.     On or about May 14, 2010 at approximately 4:32 p.m., an employee of FRS using the name or trade alias of "Joe Bernstein" ("Mr. Bernstein") telephoned the residence of Mr. Lopez in Broward County, Florida.

55.     After Mrs. Lopez answered the telephone, "Mr. Bernstein" proceeded to tell Mrs. Lopez that he was trying to collect a debt for LVNV on an unpaid Sears account of Three Thousand Two Hundred Thirty and 20/100ths Dollars ($3,230.20).

56.     "Mr. Bernstein" further disclosed that the "original amount" from October, 2004

-11-

was Two Thousand Four Hundred Twenty-Seven and 23/100ths Dollars ($2,427.23) but with

"interest and fees" the debt was Three Thousand Two Hundred Thirty and 20/100ths Dollars

($3,230.20).

57.     Upon learning that "Mr. Bernstein" was calling about the Disputed Charge

Account, Mrs. Lopez informed "Mr. Bernstein" that Mr. Lopez had an attorney who was hired to

represent Mr. Lopez with respect to the Disputed Charge Account.

58.     Instead of ceasing the communication with Mrs. Lopez, "Mr. Bernstein"

proceeded to inform Mrs. Lopez that he just received the account that day in his office and that

"we could settle a lower amount to get the debt paid so you would not receive any more calls."

59.     Again, Mrs. Lopez informed "Mr. Bernstein" that Mr. Lopez had an attorney

representing Mr. Lopez with respect to the Disputed Charge Account. Again, "Mr. Bernstein"

offered to reduce the amount of the debt claimed "to get this paid in full and to stop further

collection."

60.     Mrs. Lopez ended the telephone call with "Mr. Bernstein" upon informing "Mr.

Bernstein" that the attorney for Mr. Lopez would be addressing the matter.

### COUNT I - ACTION FOR VIOLATION OF THE
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*
### *(AS TO LVNV)*

61.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly

as the "Fair Debt Collection Practices Act" ("FDCPA") seeking damages in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

62.     Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1

through 60 above as if set forth hereat in full.

-12-

63.     At all times material hereto, Mr. Lopez was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

64.     At all times material hereto, Citibank was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

65.     At all times material hereto, the Disputed Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

66.     At all times material hereto, LVNV was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

67.     As more particularly described above, LVNV has violated the FDCPA in that LVNV has:

(a)     communicated with Mr. Lopez when Defendants knew that Mr. Lopez was represented by counsel in contravention of 15 U.S.C. §1692c(a)(2);

(b)     communicated with a third party in connection with the collection of a debt in contravention of 15 U.S.C. §1692c(b);

(c)     communicated with Mr. Lopez in an attempt to collect a debt after Mr. Lopez through counsel notified LVNV of the refusal of Mr. Lopez to pay the debt in contravention of 15 U.S.C. §1692c(c);

(d)     engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(e)     used false, deceptive, or misleading representations and means in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

-13-

(f)     made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(g)     communicated to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt was disputed in contravention of 15 U.S.C. §1692e(8);

(h)     used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(i)     used unfair or unconscionable means to collect the Disputed Charge Account in contravention of 15 U.S.C. §1692f.

68.     As a direct and proximate result of the violation of the FDCPA by LVNV, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

69.     Pursuant to 15 U.S.C. §1692k, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

70.     Mr. Lopez has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment against Defendant, LVNV Funding, LLC., a Delaware limited liability corporation, doing business as "LVNV," for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR DAMAGES FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES
### (AS TO LVNV)

71.     This is action for damages for violation of the Florida Consumer Collection

Practices Act ("FCCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs and attorney's fees.

72.     Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1

through 60  above as if set forth hereat in full.

73.     At all times material hereto, the Disputed Charge Account constituted a "debt" or

"consumer debt" as said terms are defined under Florida Statutes §559.55(1).

74.     At all times material hereto, Mr. Lopez was a  "debtor(s)" or "consumer

debtor(s)" as said terms are defined under Florida Statutes §559.55(2).

75.     At all times material hereto, Citibank was a "creditor" as said term is defined

under Florida Statutes §559.55(3).

76.     At all times material hereto, LVNV was a "debt collector" as said term is defined

under Florida Statutes §559.55(6).

77.     As more particularly described above, LVNV violated the FCCPA in that LVNV

has:

(a)     communicated with Mr. Lopez as a debtor when Defendant knew that Mr.

Lopez as a debtor was represented by an attorney with respect to the debt and has knowledge of,

or can readily ascertain, such attorney's name and address in contravention of Florida Statutes

§559.725(18).

(b)     disclosed to a person other than Mr. Lopez or his family information affecting the reputation of Mr. Lopez, whether or not for credit worthiness, with knowledge or reason to know that the information is false in contravention of Florida Statutes §559.72(5);

(c)     willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Lopez, in contravention of Florida Statutes §559.72(7); and

(d)     claimed, attempted or threatened to enforce a debt when Defendant knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

78.     As a direct and proximate result of the violation of the FCCPA by LVNV, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

79.     As a direct and proximate result of the actions of LVNV, LVNV is liable for punitive damages pursuant to Florida Statute §559.77 in an amount to be determined by the reasonableness of the jury.

80.     Mr. Lopez has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

81.     Pursuant to Florida Statute §559.77, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment for damages against Defendant, LVNV Funding, LLC., a Delaware limited liability corporation, doing business as "LVNV," for actual, statutory and punitive damages, together with interest,

-16-

costs and attorneys fees pursuant to Florida Statutes §559.77.

## COUNT III - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)
### *(AS TO ALLIED INTERSTATE)*

82.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly

as the "Fair Debt Collection Practices Act" ("FDCPA") seeking damages in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

83.     Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1

through 60 above as if set forth hereat in full.

84.     At all times material hereto, Mr. Lopez was a "consumer" as said term is defined

under 15 U.S.C. §1692a(3).

85.     At all times material hereto, Citibank was a "creditor" as said term is defined

under 15 U.S.C. §1692a(4).

86.     At all times material hereto, the Disputed Charge Account was a "debt" as said

term is defined under 15 U.S.C. §1692a(5)

87.     At all times material hereto, Allied Interstate was a "debt collector(s)" as said

term is defined under 15 U.S.C. §1692a(6).

88.     As more particularly described above, Allied Interstate has violated the FDCPA in

that Allied Interstate has:

(a)     communicated with Mr. Lopez when Defendant knew that Mr. Lopez was

represented by counsel in contravention of 15 U.S.C. §1692c(a)(2);

(b)     communicated with a third party in connection with the collection of a

debt in contravention of 15 U.S.C. §1692c(b);

-17-

(c)     engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d; and

(d)     used unfair or unconscionable means to collect the Disputed Charge Account in contravention of 15 U.S.C. §1692f.

89.     As a direct and proximate result of the violation of the FDCPA by Allied Interstate, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

90.     Pursuant to 15 U.S.C. §1692k, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

91.     Mr. Lopez has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment against Defendant, Allied Interstate, Inc., a Minnesota corportion, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT VI - ACTION FOR DAMAGES FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES
### (AS TO ALLIED INTERSTATE)

92.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs and attorney's fees.

93.     Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1 through 60 above as if set forth hereat in full.

94.     At all times material hereto, the Disputed Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

95.     At all times material hereto, Mr. Lopez was a "debtor(s)" or "consumer debtor(s)" as said terms are defined under Florida Statutes §559.55(2).

96.     At all times material hereto, Citibank was a "creditor" as said term is defined under Florida Statutes §559.55(3).

97.     At all times material hereto, Allied Interstate was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

98.     As more particularly described above, Allied Interstate violated the FCCPA in that Allied Interstate has:

(a)     communicated with Mr. Lopez as a debtor when Defendant knew that Mr. Lopez as a debtor was represented by an attorney with respect to the debt and has knowledge of, or can readily ascertain, such attorney's name and address in contravention of Florida Statutes §559.725(18).

(b)     willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Lopez, in contravention of Florida Statutes §559.72(7); and

(c)     claimed, attempted or threatened to enforce a debt when Defendant knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

99.    As a direct and proximate result of the violation of the FCCPA by Allied Interstate, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

100.    As a direct and proximate result of the actions of Allied Interstate, Allied Interstate is liable for punitive damages pursuant to Florida Statute §559.77 in an amount to be determined by the reasonableness of the jury.

101.    Mr. Lopez has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

102.    Pursuant to Florida Statute §559.77, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment for damages against Defendant, Allied Interstate, Inc., a Minnesota corporation, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## COUNT V - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*
### *(AS TO FRS)*

103.    This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

104.    Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1

through 60 above as if set forth hereat in full.

105.    At all times material hereto, Mr. Lopez was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

106.    At all times material hereto, Citibank was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

107.    At all times material hereto, the Disputed Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

108.    At all times material hereto, FRS was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

109.    As more particularly described above, FRS has violated the FDCPA in that FRS has:

(a)    communicated with Mr. Lopez when Defendants knew that Mr. Lopez was represented by counsel in contravention of 15 U.S.C. §1692c(a)(2);

(b)    communicated with a third party in connection with the collection of a debt in contravention of 15 U.S.C. §1692c(b);

(c)    engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d; and

(d)    used unfair or unconscionable means to collect the Disputed Charge Account in contravention of 15 U.S.C. §1692f.

110.    As a direct and proximate result of the violation of the FDCPA by FRS, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to

mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

111.   Pursuant to 15 U.S.C. §1692k, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

112.   Mr. Lopez has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment against Defendant, Financial Recovery Services of Minnesota, Inc., a Minnesota corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT VI - ACTION FOR DAMAGES FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES
*(AS TO FRS)*

113.   This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

114.   Mr. Lopez realleges and reaffirms the allegations contained in Paragraphs 1 through 60 above as if set forth hereat in full.

115.   At all times material hereto, the Disputed Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

116.   At all times material hereto, Mr. Lopez was a "debtor(s)" or "consumer debtor(s)" as said terms are defined under Florida Statutes §559.55(2).

117.   At all times material hereto, Citibank was a "creditor" as said term is defined under Florida Statutes §559.55(3).

118.   At all times material hereto, FRS was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

119.   As more particularly described above, FRS violated the FCCPA in that FRS has:

(a)   communicated with Mr. Lopez as a debtor when Defendant knew that Mr. Lopez as a debtor was represented by an attorney with respect to the debt and has knowledge of, or can readily ascertain, such attorney's name and address in contravention of Florida Statutes §559.725(18).

(b)   willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Lopez, in contravention of Florida Statutes §559.72(7); and

(c)   claimed, attempted or threatened to enforce a debt when Defendant knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

120.   As a direct and proximate result of the violation of the FCCPA by FRS, Mr. Lopez has been damaged. The damages of Mr. Lopez include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

121.   As a direct and proximate result of the actions of FRS, FRS is liable for punitive damages pursuant to Florida Statute §559.77 in an amount to be determined by the reasonableness of the jury.

122.   Mr. Lopez has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

-23-

123.    Pursuant to Florida Statute §559.77, Mr. Lopez is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Ramon E. Lopez, an individual, demands judgment for damages against Defendant, Financial Recovery Services of Minnesota, Inc., a Minnesota corporation, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

### DEMAND FOR JURY TRIAL

Plaintiff, Ramon E. Lopez, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Email:rphyu@aol.com

-24-

IN THE COUNTY COURT FOR THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

COWE

CASE NUMBER: 09 07820

LVNV Funding LLC
15 SOUTH MAIN STREET
GREENVILLE SC 29603
      Plaintiff,

vs.

RAMON E LOPEZ
13581 NW 4TH ST APT 203
PEMBROKE PINES FL 33028-2236
      Defendant.
_____/



82

ALAN MARKS

**A TRUE COPY**

### COMPLAINT

The Plaintiff sues the Defendant and alleges:

#### COUNT I-OPEN ACCOUNT

1. This is an action for damages which do not exceed $5,000.00.
2. The Defendant made purchases of various and diverse consumer goods and/or effected cash advances through the use of his credit account obtained from the Plaintiff on account number 0558281405107.
3. Defendant has failed to pay the balance due on the account.
4. Defendant(s) owe(s) the Plaintiff $2427.23 that is due with interest according to the attached account (Exhibit A).
WHEREFORE, Plaintiff demands judgment against the Defendant(s) for damages of $2427.23 and any further relief this court deems just and proper.

#### COUNT II-ACCOUNT STATED

5. Plaintiff repeats and realleges the allegations of paragraph 1 and 2 as if fully set forth herein.
6. Before the institution of this action Plaintiff and Defendant had business transactions between them and they agreed to the resulting balance.
7. Plaintiff rendered a statement of account to Defendant and Defendant did not object to the statement.
8. Defendant(s) owe(s) the Plaintiff $2427.23 that is due with interest according to the attached account (Exhibit A).
WHEREFORE, Plaintiff demands judgment against the Defendant(s) for damages of $2427.23 and any further relief this court deems just and proper.



*CM300D269909*

ZAKHEIM & ASSOCIATES, P.A.
ATTORNEY FOR PLAINTIFF
1045 S. UNIVERSITY DR, STE
PLANTATION, FL 33324
954/735-4455

By_____
Richard Battaglino, Esquire - Fla Bar No. 587931
Sasha Haro, Esquire – Fla Bar No. 843121
Sabine Michel, Esquire - Fla Bar No. 31387

663

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.



# COMPOSITE
# EXHIBIT "A"

Current Owner: LVNV Funding LLC
Original Creditor: Sears\ Citi-Sears
Previous Owner: Citibank
Statement Closing Date: 8/15/2008 12:00:00 AM
LVNV Purchase Date: 10/27/2004
Account Origination Date: 09/01/1996

RAMON LOPEZ
***-**-3464
13581 NW 4TH ST APT 203 APT B1
PEMBROKE PINES, FL 33028

| Account number | | | | | | 0558281405107 |
|---|---|---|---|---|---|---|
| | Owing | | Collected | | Balance | |
| Principal | $ | 2,427.23 | $ | - | $ | 2,427.23 |
| Interest | $ | - | $ | - | $ | - |
| Atty Fee | $ | - | $ | - | $ | - |
| Misc Cost | $ | - | $ | - | $ | - |
| New Balance | $ | 2,427.23 | $ | - | $ | 2,427.23 |

**TRANSACTIONS**

| Transaction Date | Description | Amount | |
|---|---|---|---|
| 05/23/2007 | Payment NSF | $ | (3,801.00) |
| 04/08/2007 | Principal Payment | $ | 3,801.00 |

## This statement is not an original.

*This statement has been generated on behalf of LVNV Funding LLC, account owner.*

Current Owner: LVNV Funding LLC
Original Creditor: Sears\ Citi-Sears
Previous Owner: Citibank
Statement Closing Date: 8/15/2008 12:00:00 AM
LVNV Purchase Date: 10/27/2004
Account Origination Date: 09/01/1996

| Account number | | | | | | 0558281405107 | |
|---|---|---|---|---|---|---|---|
| | Owing | | Collected | | Balance | | |
| Principal | $ | 2,427.23 | $ | - | $ | | 2,427.23 |
| Interest | $ | - | $ | - | $ | | - |
| Atty Fee | $ | - | $ | - | $ | | - |
| Misc Cost | $ | - | $ | - | $ | | - |
| New Balance | $ | 2,427.23 | $ | - | $ | | 2,427.23 |

RAMON LOPEZ
***-**-3464
13581 NW 4TH ST APT 203 APT B1
PEMBROKE PINES, FL 33028

**TRANSACTIONS**

| Transaction Date | Description | Amount | |
|---|---|---|---|
| 05/23/2007 | Payment NSF | $ | (3,801.00) |
| 04/08/2007 | Principal Payment | $ | 3,801.00 |

## This statement is not an original.

This statement has been generated on behalf of LVNV Funding LLC, account owner.

# EXHIBIT "B"



0706

Date: August 17, 2009
Ramon E Lopez
13581 NW 4th St Apt 203
Pembroke Pines, FL 33028-2236

**Allied**Interstate.
Inc.

3000 Corporate Exchange Dr 5th Floor   Columbus, OH 43231
Toll Free: (866) 801-0004
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Account No.:  A54890915/P46126468
Creditor:  LVNV Funding LLC
Original Creditor:  Citi-Sears
Current Creditor Account No.:  0558281405107
Amount Due:                   $3049.32

Dear Ramon E Lopez:

As you are aware, LVNV Funding LLC purchased the above past due account from Citi-Sears and has placed your account with Allied Interstate to recover the above referenced Amount Due.

Our client has agreed to accept one single payment in the amount of $914.80 as full and final settlement on this account.  To ensure proper credit, please make all payments payable to Allied Interstate, Inc., or to LVNV Funding LLC.  You can take advantage of the settlement offer outlined above only if we receive your payment within 40 days from your receipt of this notice.  After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid.  If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone.  Please have this letter available when you call.

Allied Interstate, Inc.
(866) 801-0004
**We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.  If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.**
You may initiate a credit card payment via the telephone as outlined above or you may also pay by VISA or Mastercard by filling in the information on the reverse side of this coupon.

---

**Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

----------------------------------------------------------------

Undeliverable Mail Only:          (Detach and return with payment)        0706
P.O. Box 1954
Southgate, MI 48195-0954                                    Allied Interstate Account No.:
                                       A54890915/P46126468
                                                           Creditor: LVNV Funding LLC
                                                           Creditor Account No.: 0558281405107
                                                           Amount Due:           $3049.32

                                                           Payment Enclosed: $_____

CCD/A54890915/P46126468/0706     002353170422   0025371/0102        A54890915/P46126468

Ramon E Lopez                                              Allied Interstate, Inc.
13581 NW 4th St Apt 203                                    P.O. Box 361774
Pembroke Pines, FL 33028-2236        **EXHIBIT** "C"       Columbus, OH 43236



Consumers who reside in the states listed below are entitled to the notices specified below. The laws of other States and Federal Law, may provide the same, similar, or even greater rights to consumers.

**California:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov".

**Colorado:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

**Maine:** Maine residents may contact our office by telephone at the number and office hours stated on the front of this letter.

**Massachusetts:**
Massachusetts residents may contact our office by telephone at the number, office hours and address stated on the front of this letter or to 5230 Washington St. West Roxbury, MA 02132

## NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**Minnesota:** This Collection Agency is licensed by the Minnesota Department of Commerce.

**Tennessee:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Wisconsin:**
This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876 Madison, Wisconsin 53707.

**North Carolina:**
North Carolina Department Insurance Permit No.: 3709, 3683, 3738, 917, 3715, 789, 3740, 1061, 4379, 3736, 3741, 4433, 4461, 4432, 4469.

**New York City:**
New York License No.: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140554, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

This is **not** an exclusive list of your rights. It is merely the set of disclosures required by certain states for residents of their states.
--------------------------------------------------------------------------------------------------------------------------

Circle One:

Credit/Debit card number          Payment Amount                    Expiration Date

                                                                          /

Card Holder Name                  Signature of Card Holder            Date