UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-cv-61297-PCH

RAMON E. LOPEZ,

      Plaintiff,

  v.

LVNV FUNDING, LLC, a Delaware limited
liability corporation, doing business as "LVNV,"
ALLIED INTERSTATE, INC., a Minnesota
corporation, and FINANCIAL RECOVERY
SERVICES OF MINNESOTA, INC., doing
business as "FRS",

      Defendants.
_____/

**<u>DEFENDANT, LVNV FUNDING, LLC'S, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant, LVNV Funding, LLC ("LVNV"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Ramon E. Lopez ("Plaintiff"), and states:

**<u>INTRODUCTION</u>**

1.    LVNV admits Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations in ¶ 1.

2.    The FDCPA speaks for itself and it the best evidence of its contents. To the extent Plaintiff's allegations in ¶ 2 state otherwise, they are denied.

## JURISDICTION

3. Upon information and belief, LVNV admits the allegations in ¶ 3.

4. Upon information and belief, LVNV admits the allegations in ¶ 4.

5. LVNV admits the allegations in ¶ 5.

6. Upon information and belief, LVNV admits the allegations in ¶ 6.

7. Upon information and belief, LVNV admits the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

### A. Mr. Lopez as a Victim of "Zombie Debt Collection"

8. LVNV admits in 1996 Plaintiff obtained a Sears/Citibank N.A. credit card account, but denies the remaining allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. LVNV denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. LVNV denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. LVNV denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. LVNV denies the allegations in ¶ 12.

### B. Acquisition of Zombie Debt by LVNV

13. LVNV admits it owns a Citibank account in Plaintiff's name. Except as specifically admitted, LVNV denies the allegations in ¶ 13 as stated.

14. LVNV denies the allegations in ¶ 14.

15. LVNV denies the allegations in ¶ 15.

16. LVNV denies the allegations in ¶ 16.

17. LVNV denies the allegations in ¶ 17.

### C.  Unlawful Collection Efforts of Defendant

### 1.  Filing of Abusive Collection Proceeding by LVNV

18. LVNV admits on or about April 6, 2009 it filed suit against Plaintiff. The complaint speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, they are denied.

19. The complaint speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 19 state otherwise, they are denied.

20. The complaint speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, they are denied.

21. The complaint speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 21 state otherwise, they are denied.

22. The complaint speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 22 state otherwise, they are denied.

23. LVNV denies the allegations in ¶ 23.

### 2.  Dispute of Debt in Collection Proceeding

24. Upon information and belief, LVNV admits the allegations in ¶ 24.

25. Upon information and belief, LVNV admits the allegations in ¶ 25.

26. LVNV admits Attorney Murphy filed an Answer and Affirmative Defenses on behalf of Plaintiff. The Answer and Affirmative Defenses speaks for itself and is the

best evidence of its content. To the extent the allegations in ¶ 26 state otherwise, they are denied.

27. LVNV denies the allegations in ¶ 27.

28. LVNV admits the allegations in ¶ 28.

### D. Unlawful Collection Report Activities Subsequent to Dismissal of the Broward County Collection Proceeding

#### 1. Retention of Third Party Debt Collectors

29. LVNV admits it placed an account in Plaintiff's name with Allied Interstate, Inc. (Allied), but denies the remaining allegations in ¶ 29 as stated.

30. LVNV denies the allegations in ¶ 30.

31. LVNV denies the allegations in ¶ 31.

32. LVNV denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. LVNV denies the allegations in ¶ 33.

34. LVNV denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. LVNV denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. LVNV denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. LVNV denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. LVNV denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. LVNV denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. LVNV denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. LVNV denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. LVNV denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. LVNV denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44. LVNV denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 45 state otherwise, they are denied.

46. The letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 46 state otherwise, they are denied.

47. LVNV denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. LVNV denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

## 2. Retention of Financial Recovery Services

49. LVNV admits it placed an account in Plaintiff's name with Financial Recovery Services, Inc. (FRS) for collection. Except as specifically admitted, LVNV denies the allegations in ¶ 49 as stated.

50. LVNV denies the allegations in ¶ 50.

51. LVNV denies the allegations in ¶ 51.

52. LVNV denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53. LVNV denies the allegations in ¶ 53.

54. LVNV denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.

55. LVNV denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56. LVNV denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57. LVNV denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58. LVNV denies the allegations in ¶ 58 for lack of knowledge or information sufficient to form a belief therein.

59. LVNV denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein.

60. LVNV denies the allegations in ¶ 60 for lack of knowledge or information sufficient to form a belief therein.

### COUNT I – ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et. seq.)
### (AS TO LVNV)

61. LVNV admits Plaintiff purports to bring this action for alleged violations of the FDCPA, but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, LVNV denies the allegations in ¶ 61.

62. LVNV reasserts the foregoing as if fully stated herein.

63. LVNV denies the allegations in ¶ 63 as calling for a legal conclusion.

64. LVNV denies the allegations in ¶ 64 as calling for a legal conclusion.

65. LVNV denies the allegations in ¶ 65 as calling for a legal conclusion.

66. LVNV denies the allegations in ¶ 66 as calling for a legal conclusion.

67. LVNV denies the allegations in ¶ 67, including subparts (a) – (i).

68. LVNV denies the allegations in ¶ 68.

69. LVNV denies the allegations in ¶ 69.

70. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 70 for lack of knowledge or information sufficient to form a belief therein.

### COUNT II – ACTION FOR DAMAGES FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (AS TO LVNV)

71. LVNV admits Plaintiff purports to bring this action for alleged violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, but

denies any violations, liability or wrongdoing under the law. Except as specifically admitted, LVNV denies the allegations in ¶ 71.

72. LVNV reasserts the foregoing as if fully stated herein.

73. LVNV denies the allegations in ¶ 73 as calling for a legal conclusion.

74. LVNV denies the allegations in ¶ 74 as calling for a legal conclusion.

75. LVNV denies the allegations in ¶ 75 as calling for a legal conclusion.

76. LVNV denies the allegations in ¶ 76 as calling for a legal conclusion.

77. LVNV denies the allegations in ¶ 77, including subparts (a) – (d).

78. LVNV denies the allegations in ¶ 78.

79. LVNV denies the allegations in ¶ 79.

80. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 80 for lack of knowledge or information sufficient to form a belief therein.

81. LVNV denies the allegations in ¶ 81.

**COUNT III – ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692, et seq.) (AS TO ALLIED INTERSTATE)**

82. The allegations in ¶ 82 are not directed to LVNV. To the extent a response is required, they are denied.

83. LVNV reasserts the foregoing as if fully stated herein.

84. LVNV denies the allegations in ¶ 84 as calling for a legal conclusion.

85. LVNV denies the allegations in ¶ 85 as calling for a legal conclusion.

86. LVNV denies the allegations in ¶ 86 as calling for a legal conclusion.

87. LVNV denies the allegations in ¶ 87 as calling for a legal conclusion.

88. The allegations in ¶ 88 are not directed to LVNV. To the extent a response is required, they are denied.

89. The allegations in ¶ 89 are not directed to LVNV. To the extent a response is required, they are denied.

90. The allegations in ¶ 90 are not directed to LVNV. To the extent a response is required, they are denied.

91. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 91 for lack of knowledge or information sufficient to form a belief therein.

**COUNT VI – ACTION FOR DAMAGES FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (AS TO ALLIED INTERSTATE)**

92. The allegations in ¶ 92 are not directed to LVNV. To the extent a response is required, they are denied.

93. LVNV reasserts the foregoing as if fully stated herein.

94. LVNV denies the allegations in ¶ 94 as calling for a legal conclusion.

95. LVNV denies the allegations in ¶ 95 as calling for a legal conclusion.

96. LVNV denies the allegations in ¶ 96 as calling for a legal conclusion.

97. LVNV denies the allegations in ¶ 97 as calling for a legal conclusion.

98. The allegations in ¶ 98 are not directed to LVNV. To the extent a response is required, they are denied.

99. The allegations in ¶ 99 are not directed to LVNV. To the extent a response is required, they are denied.

100. The allegations in ¶ 100 are not directed to LVNV. To the extent a response is required, they are denied.

101. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 101 for lack of knowledge or information sufficient to form a belief therein.

102. The allegations in ¶ 102 are not directed to LVNV. To the extent a response is required, they are denied.

### COUNT V – ACTION FOR DAMAGES FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692, et seq.) (AS TO FRS)

103. The allegations in ¶ 103 are not directed to LVNV. To the extent a response is required, they are denied.

104. LVNV reasserts the foregoing as if fully stated herein.

105. LVNV denies the allegations in ¶ 105 as calling for a legal conclusion.

106. LVNV denies the allegations in ¶ 106 as calling for a legal conclusion.

107. LVNV denies the allegations in ¶ 107 as calling for a legal conclusion.

108. LVNV denies the allegations in ¶ 108 as calling for a legal conclusion.

109. The allegations in ¶ 109 are not directed to LVNV. To the extent a response is required, they are denied.

110. The allegations in ¶ 110 are not directed to LVNV. To the extent a response is required, they are denied.

111. The allegations in ¶ 111 are not directed to LVNV. To the extent a response is required, they are denied.

112. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 112 for lack of knowledge or information sufficient to form a belief therein.

### COUNT VI - ACTION FOR DAMAGES FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (AS TO FRS)

113. The allegations in ¶ 113 are not directed to LVNV. To the extent a response is required, they are denied.

114. LVNV reasserts the foregoing as if fully stated herein.

115. LVNV denies the allegations in ¶ 115 as calling for a legal conclusion.

116. LVNV denies the allegations in ¶ 116 as calling for a legal conclusion.

117. LVNV denies the allegations in ¶ 117 as calling for a legal conclusion.

118. LVNV denies the allegations in ¶ 118 as calling for a legal conclusion.

119. The allegations in ¶ 119 are not directed to LVNV. To the extent a response is required, they are denied.

120. The allegations in ¶ 120 are not directed to LVNV. To the extent a response is required, they are denied.

121. The allegations in ¶ 121 are not directed to LVNV. To the extent a response is required, they are denied.

122. LVNV admits Plaintiff retained the undersigned to represent him, but denies the remaining allegations in ¶ 122 for lack of knowledge or information sufficient to form a belief therein.

123. The allegations in ¶ 123 are not directed to LVNV. To the extent a response is required, they are denied.

## LVNV'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. LVNV denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of LVNV's purported violations.

3. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than LVNV and were beyond the control or supervision of LVNV or for whom LVNV was and is not responsible or liable.

6. Plaintiff has failed to state a claim against LVNV upon which relief may be granted.

WHEREFORE, Defendant, LVNV Funding, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Kenneth C. Grace, Esq.
Florida Bar No. 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:    (813) 890-2463
Facsimile:     (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Attorneys for Defendant,
LVNV Funding, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August 2010, a true and correct copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including:

Robert W. Murphy, Esq.
1212 SE Second Ave
Fort Lauderdale, FL  33316

/s/ Dayle M. Van Hoose
Attorney

\\sfnfs02\prolawdocs\9255\9255-26431\Lopez, Ramon E\178910.DOC